Matter of Lang v Brosnan (2023 NY Slip Op 01865)

Matter of Lang v Brosnan

2023 NY Slip Op 01865

Decided on April 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2023

Before: Kapnick, J.P., Kern, Friedman, Gesmer, Higgitt, JJ. 

Index No. 309598/15 Appeal No. 26 Case No. 2022-01926 

[*1]In the Matter of Rachel Lang, Petitioner-Respondent,
v
Joseph Brosnan, Respondent-Appellant.

Joseph Brosnan, appellant pro se.

Order, Supreme Court, New York County (Kathleen Waterman-Marshall, J.), entered March 15, 2022, which, to the extent appealed from as limited by the briefs, denied respondent father's motion to hold petitioner mother in contempt for violation of the parties' stipulation and order on child support and custody dated October 1, 2015, as modified by agreement dated May 13, 2021, unanimously affirmed, without costs.
Under the circumstances of this case, the motion court providently exercised its discretion in denying respondent's contempt motion. Respondent established, to some degree, impairment of his parental rights by petitioner's violation of paragraph 36, which limits the children's contact with one of petitioner's friends. Nonetheless, respondent failed to carry his burden of proving beyond a reasonable doubt that petitioner willfully violated paragraph 36 in a way that involves an offense against judicial authority so as to warrant a finding of criminal contempt (see Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d 233, 239 [1987]).
Similarly, holding petitioner in civil contempt would not serve the purpose of compensating respondent or coercing petitioner's compliance with the stipulation (see Palmitesta v Palmitesta, 166 AD3d 782, 782-783 [2d Dept 2018]). Indeed, the only relief respondent sought for the alleged contempt of paragraph 36 was an order modifying custody to designate him as the custodial parent. However, he stated in his reply affidavit that he was "not asking for that at this time" and confirmed on the record before the motion court that he wished to avoid a modification proceeding. Moreover, it appears that petitioner was complying with paragraph 36 at the time the motion was decided (id. at 783).
Respondent's request for an order directing compliance with paragraph 36 was properly denied, as the parties' so-ordered stipulation already constitutes such an order, and the court made it clear on the record that the provisions of the stipulation were not altered or changed and remained in place.
Although the motion court did not address the issue, we find that petitioner's alleged violation of paragraph 34 does not give rise to a finding of contempt since the provision, which states that respondent should "endeavor" to take the children to Catholic mass on those Sundays when they are in her care, is not an "unequivocal
mandate" (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015], quoting McCormick v Axelrod, 59 NY2d 574, 583 [1983]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2023